Opinion issued March 29, 2007















 

 

 

                                    

Opinion issued June 11, 2009

 

 

 

 



 

 

 

 








 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00364-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RONNIE LEE HUNTER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1112421

 








 



MEMORANDUM OPINION

 

A jury convicted appellant, Ronnie
Lee Hunter, of the first-degree felony offense of possession of a controlled
substance, namely cocaine, weighing between four and two hundred grams.[1]  The trial court assessed punishment at thirty-three
years’ confinement.  Hunter’s counsel on
appeal has submitted a brief stating her professional opinion that the appeal is without merit
and that there are no arguable grounds for reversal.  See Anders
v. California, 386 U.S.
738, 744, 87 S. Ct. 1396, 1400 (1967).  Hunter filed a pro se response.  In his pro se response, Hunter contends
(1) the evidence obtained to support the jury’s finding that he possessed between
four and two hundred grams of cocaine was the product of an illegal search and
seizure, and (2) the evidence is legally insufficient to support a conviction
of possession because it is based on an informant’s tip to police that was
uncorroborated.  We have
reviewed the record and, having found no reversible error, we affirm Hunter’s
conviction. 

Background

On or about April 13, 2007, Officer
C. Slater responded to a call to the Southwind Motel, located near Interstate
Highway 45 in northwest Harris
 County, a location that,
according to Slater, was frequented for prostitution and drug use.  When he arrived, Slater observed two black
males standing outside near the northern side of the motel building.  The men appeared to be smoking, so the officer
drove into the motel parking lot to investigate further.  

As Slater drew closer, he saw that
the men appeared to be using crack cocaine. 
When the men saw Slater approaching, they threw three crack pipes on the
ground and tried to run away.  When
Slater retrieved the pipes, he found that two of them were still warm.   Slater took the two men into custody and
secured them in his vehicle, then called Officer W. Eckert for
reinforcement.  When Eckert arrived, Slater
told him that, according to the suspects, they purchased the crack cocaine from
a man in Room 305 of the motel.  

The officers found the room, and Officer
Eckert knocked on the door.  Slater heard
shuffling and moving around the room. 
Eventually, a white female opened the door.  At about the same time, Officer Slater heard a
male voice say, “close the door.”   

From the open door, Slater saw two women
standing near the bed’s headboard and Hunter sitting on the edge of the bed.  Hunter jumped up, grabbed an ashtray from the
dresser, and rushed toward the bathroom. 
In Slater’s experience, it is common for individuals caught with
contraband to try to flush it down the toilet. 


As Eckert pursued Hunter, Hunter lost
his footing as he tried to turn the corner into bathroom.  Hunter fell, and, after a brief struggle, Eckert
restrained and handcuffed him.  Eckert recovered
a “cookie” of crack cocaine (about 10 grams) from under a pile of clothing in
the bathroom.  The officers also found smaller
pieces of crack cocaine in the ashtray.  In
Hunter’s experience, only dealers possessed crack cocaine in “cookie” form;
they broke it into smaller pieces for sale. 
Hunter also had a little over $1,300 cash at the time of arrest.    

Eckert testified consistently with
Slater’s testimony and report.  Mona Medalla,
a criminalist with the Houston Police Crime Lab, determined that the substance recovered
by the officers from Room 305 was ten grams of cocaine.

Anders Procedure

The brief submitted by Hunter’s court-appointed
counsel states his professional opinion that there are no arguable grounds for
reversal on appeal and that any appeal would, therefore, lack merit.  See Anders, 386 U.S. at
744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable
grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969).  Counsel
sent a copy of the brief to Hunter, requested permission to withdraw from the
case, and notified Hunter of his right to review the record and to file a pro
se response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See
Anders, 386 U.S. at 744, 87
S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our
review, we consider any pro se response that the defendant files to his
appointed counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–28
(Tex. Crim.
App. 2005).  

Our role in this Anders appeal, which includes reviewing Hunter’s pro se
response, is limited to determining whether arguable grounds for appeal
exist.  See id. at 827.  If we determine that arguable grounds for
appeal exist, we abate the appeal and remand the case to the trial court to
allow the court-appointed attorney to withdraw. 
See id.  The trial court
then either appoints another attorney to present all arguable grounds for
appeal or, if the defendant wishes, allows the defendant to proceed pro
se.  See id.  We do not rule on the ultimate merits of the
issues raised by Hunter in his pro se response. 
See id.  If we determine
that there are arguable grounds for appeal, Hunter is entitled to have new
counsel address the merits of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we determine, from our independent review
of the entire record, that the appeal is wholly frivolous, we may affirm the
trial court’s judgment.  See id.
at 826–28.  Hunter may challenge the
holding that there are no arguable grounds for appeal in a petition for
discretionary review filed in the Court of Criminal Appeals.  See id. at 827 & n.6.

In accordance with Anders and Bledsoe, we have reviewed the record, Hunter’s
appointed counsel’s Anders brief, and Hunter’s pro
se response to that brief.  We conclude
that no arguable ground for reversible error exists.  Having reached that conclusion, we affirm the
judgment of the trial court and
grant Hunter’s appointed counsel’s motion to withdraw.[2]




Conclusion

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Taft, Bland,
and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1] See Tex. Health & Safety
Code Ann. §§ 481.102(3)(D), 481.112(a),
(d) (Vernon 2003 & Supp. 2008).





[2] Appointed
appellate counsel still has a duty to inform Hunter
of the result of this appeal and that he may, on his own, pursue discretionary
review in the Court of Criminal Appeals. 
See Bledsoe v. State,
178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997); Stephens v. State,
35 S.W.3d 770, 771–72 (Tex. App.—Houston
[1st Dist.] 2000, no pet.).